UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEFFREY SCOTT HORNOFF,<br><br>Plaintiff<br><br>v.<br><br>THE CITY OF WARWICK, RHODE ISLAND; RICHARD SANTOS and THOMAS NYE, members of the Warwick police Department, in their individual capacities; and JOHN AND JANE DOES 1-10, members of the Warwick Police Department, in their individual and supervisory capacities; THE STATE OF RHODE ISLAND; RICHARD HURST and THOMAS DENNISTON, members of the Rhode Island State Police, in their individual capacities; and JOHN AND JANE DOES 11-20, members of the Rhode Island State Police, in their individual and supervisory capacities,<br><br>Defendants. | Civil Action No.05-446ML |

**ANSWER OF THE STATE OF RHODE ISLAND, RICHARD HURST AND THOMAS DENNISTON**

Now come the State of Rhode Island, Richard Hurst, and Thomas Denniston, Defendants in this action, by and through counsel, and in Answer to the Complaint on file against them, would show as follows:

**INTRODUCTION**

1. These Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the first sentence of paragraph 1 and on that ground deny them. The remaining allegations are admitted.

2. These Defendants deny any and all allegations of wrong doing directed towards them contained in paragraph 2.

3. It is admitted that the State Police were asked to assist in the investigation of the Cushman murder. The remaining allegations are denied.

4. Denied.

5. These Defendants deny any and all allegations of wrong doing directed towards them contained in paragraph 5.

6. The allegations contained in paragraph 6 of the Complaint do not apply to these Defendants. If there are allegations against these Defendants, they are denied.

**JURISDICTION**

7. Paragraph 7 contains legal conclusions to which no response is required. If a response is required, the allegations are denied.

**VENUE**

8. Admitted.

**PARTIES**

9. Admitted.

10-13. The allegations contained in paragraphs 10 through 13 of Plaintiff's Complaint do not apply to any of these Defendants. If there are allegations against these Defendants, they are denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. These Defendants are without knowledge or information sufficient to respond to the allegations contained in paragraph 17 of the Complaint, and therefore deny them.

18. These Defendants deny any wrongdoing, if any, alleged in paragraph 18 of Plaintiff's Complaint.

**FACTS**

19-76. The allegations contained in paragraphs 19 through 76 of Plaintiff's Complaint consist of narratives, and contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

77. Admitted.

78. Admitted.

79. Admitted.

80. Denied.

81. Denied.

82. Denied.

83. Paragraph 83 contains no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

84. Denied.

85. Denied.

86. Denied.

87. Paragraph 87contains no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

88. Paragraph 88 contains no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

89. Denied.

90. Admitted.

91-97. Paragraphs 92 through 97 contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

98. It is denied that Hurst was promoted while Hornoff was in prison. It is admitted that Denniston was promoted in December of 1996.

99-109. Paragraphs 99 through 109 contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

110. Admitted.

111. Admitted.

112. Admitted.

113. Admitted that on January 6, 2003 Barry pled guilty. The Order of the Court speaks for itself.

114. Admitted.

115. Denied.

116-121. Paragraphs 116 through 121 contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

122. Denied.

123-124. Paragraphs 123-124 contains no allegations against these Defendants. If there are allegations against these Defendants, they are denied

125-126. Denied.

127. Paragraph 127 contains no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

**CAUSES OF ACTION**

**Count I—42 U.S.C. § 1983**
**Due Process Claims against Defendants Santos, Nye and Doe 1-10 for Spoliation and/or Suppression of Evidence and Failure to Investigate**

128-133. Paragraphs 128 through 133 contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

**Count II—42 U.S.C. § 1983**
**Supervisory Liability Claims against Doe Defendants 1-10, Supervisors in the Warwick Police Department**

134-136. Paragraphs 134 through 136 contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

**Count III—42 U.S.C. § 1983**
**Monell Claims against the City of Warwick**

137-144. Paragraphs 137 through 144 contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

**Count IV—42 U.S.C. § 1983**
**Due Process Claims against Defendants Hurst, Denniston and Doe 11-20 for Spoliation and/or Suppression of Evidence Intimidation/Coercion of Witnesses, and Failure to Investigate**

145. The responses contained in the paragraphs numbered 1-144 above are realleged and incorporated herein by reference by these Defendants.

146-153. Denied.

**Count V—42 U.S.C. § 1983**
**Claims against Defendants Santos, Nye, Doe 1-10, Hurst, Denniston and Doe 11-20 for Malicious Prosecution**

154. The responses contained in the paragraphs numbered 1-153 above are realleged and incorporated herein by reference by these Defendants.

155. Paragraph 155 contains legal conclusions to which no response is required. If a response is required, the allegations are denied.

156-161. Denied.

**Count VI—42 U.S.C. § 1983**
**Supervisory Liability Claims against Doe Defendants, 11-20, Supervisors for the Rhode Island State Police**

162-164. Paragraphs 162 through 164 contain no allegations against these Defendants. If there are allegations against these Defendants, they are denied.

**Count VII—42 U.S.C. § 1983**
**Claims against Defendants Santos, Nye, Doe 1-10, Hurst, Denniston, and Doe 11-20 for Conspiracy to Violate Constitutional Rights**

165. The responses contained in the paragraphs numbered 1-164 above are realleged and incorporated herein by reference by these Defendants.

166-168 Denied.

**Count VIII—State Constitution**
**Claims against All Defendants for Violation of Due Process**

169. The responses contained in the paragraphs numbered 1-168 above are realleged and incorporated herein by reference by these Defendants.

170-171. Denied.

**Count IX—State Tort Law**
**Claims against Defendants Santos, Nyc, Doe 1-10, Hurst, Denniston, Doe 11-20, and State of Rhode Island for Malicious Prosecution**

172. The responses contained in the paragraphs numbered 1-171 above are realleged and incorporated herein by reference by these Defendants.

173. Paragraph 173 contains legal conclusions to which no response is required. If a response is required, the allegations are denied.

174-176. Denied.

177. Paragraph 177 contains no allegations against these Defendants. If there are allegations against these Defendants, they are denied

178. Denied.

**Count X—State Tort Law**
**Claims against All Defendants for Intentional Infliction of Emotional Distress**

179. The responses contained in the paragraphs numbered 1-178 above are realleged and incorporated herein by reference by these Defendants.

180-182. Denied.

**Count XI—State Tort Law**
**Claims against All Defendants for Negligent Infliction of Emotional Distress**

183. The responses contained in the paragraphs numbered 1-182 above are realleged and incorporated herein by reference by these Defendants.

184-186. Denied.

**Count XII—State Tort Law**
**Claims against All Defendants for Negligence**

187. The responses contained in the paragraphs numbered 1-186 above are realleged and incorporated herein by reference by these Defendants

188-191. Denied.

WHEREFORE, Defendants State of Rhode Island, Richard Hurst and Thomas Denniston pray that the present action be dismissed, costs and fees to these Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Complaint fails to state a claim against these Defendants upon which relief can be granted.

### Second Affirmative Defense

At all times material to the matters alleged in the Complaint, the State, its agents, employees and officers, including these Defendants, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff in this action if, in fact, duties were owed.

### Third Affirmative Defense

These Defendants are entitled to the defenses of absolute and qualified immunity.

### Fourth Affirmative Defense

The State has the benefit of its status as sovereign, together with all privileges and immunities which inure to said status.

### Fifth Affirmative Defense

These Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

### Sixth Affirmative Defense

Punitive damages are not recoverable by this Plaintiff.

### Seventh Affirmative Defense

The acts complained of were caused solely by third parties not acting under color of State law.

### Eighth Affirmative Defense

The State is entitled to the defense of discretionary immunity.

### Ninth Affirmative Defense

The State, its officers and agents, including these Defendants, are protected by prosecutorial immunity, so-called.

**Tenth Affirmative Defense**

Intervening, superceding actions of those other than these Defendants caused the harms complained of by the Plaintiff.

**Eleventh Affirmative Defense**

Plaintiffs' own actions and/or inactions caused and/or contributed to the harms and damages alleged in his Complaint.

Respectfully submitted,

The State of Rhode Island,
Richard Hurst, and
Thomas Denniston
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford P

Rebecca Tedford Partington #3890
Deputy Chief--Civil Division
150 South Main St.
Providence, Rhode Island 02903
(401) 274-4400 ext. 2303
Fax No. (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Answer was mailed, by first class mail, postage prepaid, on this 3 day of January 2006 to:

Robert N. Feldman
BIRNBAUM & ASSOCIATES, P.C.
280 Summer Street
Boston, MA 02210-1108

Marc C. DeSisto, Esquire
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

William C. Dimitri, Esquire
462 Broadway
Providence, RI 02909