UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEFFREY SCOTT HORNOFF,

*Plaintiff,*

vs.

C.A. No. 05-446ML

THE CITY OF WARWICK, RHODE ISLAND, et al.

*Defendants,*

**ANSWER ON BEHALF OF THE CITY OF WARWICK, RICHARD SANTOS AND THOMAS NYE**

Now come the defendants, the City of Warwick, Richard Santos and Thomas Nye and answers the plaintiff's complaint as follows:

1. These defendants deny the allegations contained in Paragraphs 1, 2, 3, 4, 5 and 6 of that portion of the plaintiff's complaint entitled "Introduction".

2. These defendants admit the allegations contained in Paragraphs 7 and 8 in those portions of the plaintiff's complaint entitled "Jurisdiction" and "Venue", respectively.

3. These defendants admit the allegations contained in Paragraphs 9, 10 and that portion of Paragraph 11 that indicates that defendant Santos was a member of the Warwick Police Department, and that portion of Paragraph 12 that indicates that defendant Nye was a member of the Warwick Police Department.

4. These defendants deny the allegations contained in Paragraph 13 of that portion of the plaintiff's complaint entitled "Parties".

5. These defendants make no response to the allegations contained in Paragraphs 14, 15, 16 and 17 of that portion of the plaintiff's complaint entitled "Parties" in that the allegations in said

paragraphs are not directed against these defendants. However, insofar as any of the allegations contained in said paragraphs are directed against these defendants then said allegations are expressly denied.

6. These defendants deny the allegations contained in Paragraph 18 of that portion of the plaintiff's complaint entitled "Parties".

7. These defendants admit the allegations contained in Paragraphs 19, 21 and 23 of that portion of the plaintiff's complaint entitled "Facts".

8. These defendants admit that the plaintiff joined the Warwick Police Department as a probationary patrolman and became a permanent member of the department in 1984 as set forth in Paragraph 20 but deny the remaining allegations in said paragraph.

9. These defendants make no response to the allegations contained in Paragraph 22 of that portion of the plaintiff's complaint entitled "Facts" and leave plaintiff to his proof of same.

10. These defendants admit the allegations contained in Paragraphs 24 and 27 of that portion of the plaintiff's complaint entitled "Facts", subsection, "The Night of Victoria Cushman's Murder".

11. These defendants make no response to the allegations contained in Paragraphs 25, 26, 28, 29, 30, 31, 32, 33 and 34 of that portion of the plaintiff's complaint entitled "Facts", subsection, "The Night of Victoria Cushman's Murder" and leave plaintiff to his proof of same.

12. These defendants admit the allegations contained in Paragraphs 35, 36 and 37 of that portion of the plaintiff's complaint entitled "Facts", subsection "Warwick's Botched Investigation".

13. These defendants deny the allegations contained in Paragraphs 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 and 52 of that portion of the plaintiff's complaint entitled "Facts", subsection "Warwick's Mishandling of the Crime Scene".

14. These defendants admit the allegations contained in Paragraph 40 of that portion of the plaintiff's complaint entitled "Facts", subsection "Warwick's Mishandling of the Crime Scene".

15. These defendants deny the allegations contained in Paragraphs 53, 56, 57, 58, 59, 60, 62, 63, 64, 65, 66, 68, 69 and 70 of that portion of the plaintiff's complaint entitled "Facts", subsection "Warwick's Mishandling of Hornoff as a Suspect".

16. These defendants admit the allegations contained in Paragraphs 54, 55 and 61 of that portion of the plaintiff's complaint entitled "Facts", subsection "Warwick's Mishandling of Hornoff as a Suspect".

17. These defendants make no response to the allegations contained in Paragraph 67 of that portion of the plaintiff's complaint entitled "Facts", subsection "Warwick's Mishandling of Hornoff as a Suspect" and state that the identified report speaks for itself.

18. These defendants deny the allegations contained in Paragraphs 71, 72, 73, 74, 75 and 76 of that portion of the plaintiff's complaint entitled "Facts", subsection "Todd Barry Escapes Notice".

19. These defendants admit the allegations contained in Paragraphs 77, 78 and 79 of that portion of the plaintiff's complaint entitled "Facts", subsection "The Rhode Island State Police join the Investigation".

20. These defendants deny the allegations contained in Paragraphs 80, 82, 83,84 and 89 of that portion of the plaintiff's complaint entitled "Facts", subsection "The Rhode Island State Police join the Investigation".

21. These defendants make no response to the allegations contained in Paragraphs 81, 85, 86, 87 and 88 of that portion of the plaintiff's complaint entitled "Facts", subsection "The Rhode Island State Police join the Investigation" in that said allegations are not directed against these defendants. However, insofar as any of the allegations contained in said paragraph are directed against these defendants then said allegations are expressly denied.

22. These defendants admit the allegations contained in Paragraph 90 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Wrongful Prosecution and Conviction".

23. These defendants deny the allegations contained in Paragraphs 91, 95 and 96 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Wrongful Prosecution and Conviction".

24. These defendants make no response to the allegations contained in Paragraphs 92, 93, 94, 97 and 98 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Wrongful Prosecution and Conviction" and leave plaintiff to his proof of same.

25. These defendants make no response to the allegations contained in Paragraphs 100, 101, 102, 103 and 104 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Life in Prison" and leave plaintiff to his proof of same.

26. These defendants admit that the plaintiff was sentenced to life in prison as set forth in Paragraph 99 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Life in Prison".

27. These defendants admit the allegations contained in Paragraph 105 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Life in Prison".

28. These defendants make no response to the allegations contained in Paragraphs 106, 107, 108 and 109 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Continued Fight to prove his Innocence".

29. These defendants admit the allegations contained in Paragraphs 110, 111, 112, 113 and 114 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Exoneration".

30. These defendants deny the allegations contained in Paragraph 115 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Exoneration".

31. These defendants deny the allegations contained in Paragraphs 116, 117, 118, 119, 120 and 121 of that portion of the plaintiff's complaint entitled "Facts", subsection "The City of Warwick's indifference and adequacy to the Police Misconduct".

32. These defendants deny the allegations contained in Paragraphs 122, 123, 124, 125 and 126 of that portion of the plaintiff's complaint entitled "Facts", subsection "Hornoff's Damages".

33. These defendants admit the allegations contained in Paragraph 127 of that portion of the plaintiff's complaint entitled "Notice of Claim".

34. These defendants deny the allegations contained in Paragraphs 128, 129, 130, 131, 132 and 133 of Count 1 of the plaintiff's complaint.

35. These defendants deny the allegations contained in Paragraphs 134, 135 and 136 of Count 2 of the plaintiff's complaint.

36. These defendants deny the allegations contained in Paragraphs 137, 138, 139, 140, 141, 142, 143 and 144 of Count 3 of the plaintiff's complaint.

37. These defendants make no response to the allegations contained in Paragraphs 145, 146, 147, 148, 149, 150, 151, 152 and 153 of Count 4 of the plaintiff's complaint in that said

allegations are not directed against these defendants. However, insofar as any of the allegations are directed against these defendants then said allegations are expressly denied.

38. These defendants deny the allegations contained in Paragraphs 154, 155, 156, 157, 158, 160 and 161 of Count 5 of the plaintiff's complaint.

39. These defendants admit the allegations contained in Paragraph 159 of Count 5 of the plaintiff's complaint.

40. These defendants deny the allegations contained in Paragraph 162 of Count 6 of the plaintiff's complaint.

41. These defendants make no response to the allegations contained in Paragraphs 163 and 164 of Count 6 of the plaintiff's complaint in that said allegations are not directed against these defendants. However, insofar as any of the allegations contained in said paragraphs in said count are directed against these defendants then said allegations are expressly denied.

42. These defendants deny the allegations contained in Paragraphs 165, 166, 167 and 168 of Count 7 of the plaintiff's complaint.

43. These defendants deny the allegations contained in Paragraphs 169, 170 and 171 of Count 8 of the plaintiff's complaint.

44. These defendants deny the allegations contained in Paragraphs 172, 173, 174, 175, 176 and 178 of Count 9 of the plaintiff's complaint.

45. These defendants admit the allegations contained in Paragraph 177 of Count 9 of the plaintiff's complaint.

46. These defendants deny the allegations contained in Paragraphs 179, 180, 181 and 182 of Count 10 of the plaintiff's complaint.

47. These defendants deny the allegations contained in Paragraphs 183, 184, 185 and 186 of Count 11 of the plaintiff's complaint.

48. These defendants deny the allegations contained in Paragraphs 187, 188, 189, 190 and 191 of Count 12 of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within complaint.

### FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on some forms of damages requested in this matter.

### FIFTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable by this plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The acts complained were caused solely by third parties not acting under color of State law.

### SEVENTH AFFIRMATIVE DEFENSE

These defendants plead the defense of discretionary immunity.

EIGHTH AFFIRMATIVE DEFENSE

These defendants plead the defense of prosecutorial immunity.

NINTH AFFIRMATIVE DEFENSE

Intervening, superseding actions of those other than these defendants caused the harms complained of by the plaintiff.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's own actions and/or inactions caused and/or contributed to the harms and damages alleged in his complaint.

**These defendants demand trial by jury.**

Defendants,
City of Warwick, Richard Santos and
Thomas Nye,
By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

John G. Earle, Esq. (#2406)
Breslin, Sweeney & Earle, LLP
222 Jefferson Boulevard, Suite 300
Warwick, RI 02888
Phone: (401) 737-8484
Fax: (401) 738-6935

C.A. No. 05-446ML

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Answer was mailed, postage prepaid, on this 21st day of February 2006, to:

Robert N. Feldman, Esq.
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210

Rebecca Tedford Partington
Deputy Chief—Civil Division
150 South Main Street
Providence, RI 02903

William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

Laura Serza