UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 05-446ML

| | |
|---|---|
| **JEFFREY SCOTT HORNOFF,** **Plaintiff** | : |
| **v.** | : |
| **THE CITY OF WARWICK, RHODE ISLAND; et al.** **Defendants** | : |

**MOTION OF STATE DEFENDANTS TO STRIKE OBJECTIONS AND MOTION TO COMPEL**

Now come Defendants State of Rhode Island, Richard Hurst a d Thomas Denniston, and move this Court for an striking Plaintiff's objections to disco ery, and to compel him to provide responses to that discovery. A memorandum and exhibits in support hereof are attached.

Respectfully submitted,

STATE OF RHODE ISLAN ,
RICHARD HURST,
THOMAS DENNISTON
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington

Rebecca Tedford Partington #3890
Assistant Attorney General
150 So. Main Street
Providence, RI 02903
(401) 274-4400 ext. 2303
Fax: (401) 222-2995

22

**RULE 37 CERTIFICATION**

I hereby certify that I made a good faith attempt to confer with opposing counsel to resolve the pending discovery issue

Rebecca Tedford Partington #3890
Assistant Attorney General

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Motion was mailed, postage prepaid, on this 3rd day of May, 2006 to:

Robert N. Feldman
BIRNBAUM & ASSOCIATES, P.C.
280 Summer Street
Boston, MA 02210-1108

William C. Dimitri, Esquire
462 Broadway
Providence, RI 02909

Marc C. DeSisto, Esquire
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

Melissa DiIorenzo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JEFFREY SCOTT HORNOFF, Plaintiff** | : |
| **v.** | : |
| **THE CITY OF WARWICK, RHODE ISLAND; et al. Defendants** | : |

CA05-446ML

**MEMORANDUM IN SUPPORT OF MOTION OF STATE DEFENDANTS TO STRIKE OBJECTIONS AND MOTION TO COMPEL**

Plaintiff filed his 191 count complaint with this Court on or about October 21, 2005. Thereafter, Defendants Hurst and Denniston sought leave to file fifty interrogatories to the Plaintiff. No objection was filed, and discovery was sent to the Plaintiff on February 2, 2006. After the parties agreed to extensions of time, on April 19, 2006 Defendants received responses to their interrogatories and document production requests. (Exhibits A and B).[1] Defendants requested a more complete set of answers and document requests by way of correspondence dated May 9, 2006. Because of the lack of adequate responses to discovery, and because the objections interposed are completely without merit, Defendants request relief from this Court in the form of an Order striking Plaintiff's Objections and an Order requiring him to provide adequate discovery, as requested.

**The Answers to Interrogatories**

The Answers to Interrogatories are preceded by five (5) general objections applicable to each interrogatory. The Federal Rule32 provides, in pertinent part:

> (b)(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the

[1] The Interrogatories and Answers were the same for Defendants Hurst and Denniston, and only one set is attached hereto.

> reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
> ***
>
> (b)(4) All grounds for an objection to an interrogatory shall be stated with specificity.

The blanket objections offered by Plaintiff do not provide any guidance as to what part of the interrogatory is objectionable, making it impossible to determine what information, if any, is being withheld. This, in turn, makes it impossible for the Defendants to make any meaningful decision as to whether to move the Court to compel further answers.

Specifically, the "objection" numbered 1 appears to give this Plaintiff the right to object at any further time, or to "correct" his answers. That is not the rule. If there is a *valid* objection, it should be raised now to allow the Defendants to consider whether to move to compel. Likewise, he should not be able to reserve the right to change his answers. Further, "objection" number 3 objects to the Interrogatories as premature.[2] Since the Court granted the Defendants leave to propound the Interrogatories, and since the Court has entered a discovery order, this "objection" is completely without merit and should be stricken. "Objection" number 4 interposes a blanket privilege. Such an objection is more properly interposed in the response to the specific interrogatory. Without that, these Defendants have no way of knowing what type of privileged information is being withheld.

Continuing, Defendants have reviewed the two sets of Answers to Interrogatories and find them identical, even though they ask for discrete facts upon which the very serious actions complained of are based. Richard Hurst is not named in any answer to

[2] This objection is found in the body of some specific interrogatories, such as no. 7, 9, 10, 11, 12, 14, 15, 16, 17, 18, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31,32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 46.

any interrogatory. Further, *every single response to every single interrogatory contains an objection.*[3] The objections fall into several categories, as described below.

- **Information available to Defendants.** Throughout his Answers, Plaintiff offers the facile response that the information is as available to the Defendants as to the Plaintiff. Put more simply, Plaintiff is saying "You know what you did." While that may be so, Defendants need to know *what* facts are responsive to *what* allegations. Plaintiff should state those facts with specificity. The Answers that contain this objection are numbers 1, 2, 5, 6, 10, 11, 12, 13, 15, 16, 18, 20, 24, 25, 26, 27, 29, 30, 31, 32, 33, 35, 36, 37, 39, 41, and 42.

- **Information more appropriately obtained through depositions.** In Plaintiff's Answer to Interrogatory No. 2, which asked for the name of persons having information relative to the allegations of his Complaint, Plaintiff objects, stating that the interrogatory "seeks information more appropriately obtained through depositions." This is not a valid objection and should be stricken. He then lists the names of 138 individuals, with no indication of who they are or what information he believes they possess. Defendant is entitled to know what information these individuals possess. If they have given prior testimony or a statement, reference by date and agency would, of course, suffice. If they have not, Plaintiff should describe what information they possess so that Defendants can meaningfully decide whom to depose.

- **Privileged documents.** In his Answers to Interrogatories and Response to Request for Production of Documents, Plaintiff interposes privileges as to the identification and production of documents without providing a privilege log.

[3] Likewise, every document request has been objected to.

Defendants have no way of knowing whether they may have grounds to move to overrule the privilege asserted. This objection should be overruled, and the Plaintiff ordered to provide the information, or, at the very least, to provide a privilege log.

- **Plaintiff's lack of understanding.** Plaintiff occasionally objects to the verbiage contained in the Interrogatories, stating that without a definition of elementary phrases, he cannot reply. These phrases include "any defendant", "acting on defendant's behalf" and "all facts." These objections are wholly without merit and should be stricken. Those objections are contained in Plaintiff's Answers to Interrogatories No. 4, 5, 6, 7, 9, 10, 11, 12, 14, 15, 16, 17, 18, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 46.

- **Legal Conclusions.** Plaintiff continually objects to Interrogatories simply requesting "all facts" on the basis that they call for a legal conclusion. A quick review of the Interrogatories show that they do not. These objections in the following Answers should be stricken: No. 7, 16, 25, 27, 29, 32, 33, 34 35, 38, and 40.

- **Without limitation.** Similar to the Plaintiff's attempt to reserve the right to change his answers at some later date, Interrogatories no. 7 and 28 provide an answer, but that answer is "without limitation." While Defendants are keenly aware of the responsibility to supplement answers to interrogatories imposed by the federal rules, any responsive information presently in the Plaintiff's possession should be disclosed now.

- **Lack of Specificity.** As stated previously, the scarce facts that were provided are not specific to either Hurst or Denniston, as requested. For example, the Answer

to Interrogatory No. 11 states simply that "actions and statements of the State Police" support the allegation. Without a more specific description of the "actions and statements" and by whom they were made, these Defendants are left in the dark. The Court should strike the objections to that interrogatory and order that it be adequately answered.

In Interrogatory No. 15 Plaintiff was asked to give all facts to support his most serious allegation—that the Defendants coerced witnesses to give harmful testimony to the Grand Jury. When asked to list the names, Plaintiff answered that "John Morgan *was among* the former Warwick police officers threatened and/or coerced by State Defendants." Answer No. 28 states that "*various* threatening actions were taken by Defendants." Defendants are entitled to a factually complete answer.

Interrogatory 34 asked for all facts supporting Plaintiff's claim of concerted action allegedly engaged in by the Defendants. The answer is that "All had a common goal of seeing Hornoff prosecuted for the murder of Cushman." That is a conclusion. The Defendants deserve to know what facts Plaintiff relies on to make such a serious charge.

Interrogatory No. 43 asks for information concerning losses. Plaintiff states that he will supplement at "the appropriate time." It is clear that he believes that he has suffered loss, and the Defendants are entitled to the facts he has now.

- **Duplicative.** Plaintiff objects to certain Interrogatories as duplicative. Defendants merely ask for all facts which support discrete paragraphs in the 191 paragraph Complaint. The duplicative nature of those allegations are outside of Defendants' control. It will suffice if Plaintiff answers one representative

Interrogatory completely and accurately, and then refers to that Answer subsequently, if appropriate. Those objections are contained in Answers no. 24, 26, 28, 30, 31, 32, 36, 37, 39, 40, 42, and 43.

- **Reference to all facts in the Complaint and other Answers.** As stated above, Defendants' Interrogatories follow a pattern, requesting that the Plaintiff give all facts supporting the allegations in the discrete paragraphs of his Complaint. In response to Interrogatories No. 32, 35, and 42 Plaintiff simply refers to "the facts set forth in the Complaint," as well as the answers to all of his other interrogatories. The Plaintiff therefore refers to the facts in the Complaint to support the facts in the Complaint. This objection should be stricken, and Plaintiff required to answer with more specificity.

**Document Requests**

Similar responses were interposed to the Defendants' Request for Production of Documents. Every single document request was met with an objection. The responses were so inadequate that the Defendants are left scratching their head, wondering what it is that the Plaintiff has, what he claims is privileged, and what he does not have. Every request was met with an objection. It is, quite simply, impossible that all document requests seek irrelevant information. While the Defendants acknowledge that this case will involve voluminous document production, that alone does not excuse the poor document description and evasive responses.

As with the Answers to Interrogatories, the Response to Request for Documents contains a list of fifteen "General Objections" applicable to all requests. The responses themselves go on to state, for the most part, that the Plaintiff will produce all relevant, non-privileged material at a mutually convenient place and time. Since he objected to

providing a list of documents in his Answers to Interrogatories (No. 44) the Defendants have no idea the general content or volume of documents. Further, since the Plaintiff has not submitted a Privilege Log, his objections as to privilege simply cannot be given any consideration.

The objections regarding prematurity, documents in the possession of the Defendants and vagueness of terms discussed relative to the Answers to Interrogatories should be overruled pursuant to the arguments set forth above.

Defendants request that the Court require that the Plaintiff produce all documents in his possession on a specific date, or, provide a more specific accounting of the documents, perhaps by category, so that the Defendants can determine whether they need to conduct a document review, and/or whether to file a more specific Motion to Compel.

Respectfully submitted,

STATE OF RHODE ISLAND,
RICHARD HURST,
THOMAS DENNISTON
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington #3890
Assistant Attorney General
150 So. Main Street
Providence, RI 02903
(401) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Motion was mailed, postage prepaid, on this 23rd day of May, 2006 to:

Robert N. Feldman
BIRNBAUM & ASSOCIATES, P.C.
280 Summer Street
Boston, MA 02210-1108

William C. Dimitri, Esquire
462 Broadway
Providence, RI 02909

Marc C. DeSisto, Esquire
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

Melina Stefanzo