UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEFFREY SCOTT HORNOFF,
Plaintiff,

v. : CA 05-446 ML

THE CITY OF WARWICK, RHODE ISLAND; RICHARD SANTOS and THOMAS NYE, members of the Warwick Police Department, in their individual capacities; and JOHN AND JANE DOES 1-10, members of the Warwick Police Department, in their individual and supervisory capacities; THE STATE OF RHODE ISLAND; RICHARD HURST and THOMAS DENNISTON, members of the Rhode Island State Police, in their individual capacities; and JOHN AND JANE DOES 11-20, members of the Rhode Island State Police, in their individual and supervisory capacities,
Defendants.

**ORDER**
**GRANTING IN PART**
**STATE DEFENDANTS' MOTION TO STRIKE OBJECTIONS**

Before the Court is the motion of Defendant State of Rhode Island, Richard Hurst, and Thomas Nye ("State Defendants") to strike Plaintiff's objections to discovery and to compel him to provide responses to that discovery. See Motion of State Defendants to Strike Objections and Motion to Compel (Document ("Doc.") #22) ("Motion to Strike" or "Motion").[1] Plaintiff

---

[1] Although the motion to strike recites that it is brought by Defendants State of Rhode Island, Richard Hurst, and Thomas Denniston, see Motion of State Defendants to Strike Objections and Motion to Compel (Doc. #22) ("Motion to Strike" or "Motion"), it appears that the Motion is directed only at the responses to discovery requests propounded by Defendants Hurst and Denniston. Those discovery requests are: 1) Plaintiff Jeffrey Scott Hornoff's Responses to Interrogatories to Plaintiff Propounded by Defendant Richard Hurst;

Jeffrey Scott Hornoff ("Plaintiff") filed an objection to the Motion. See Plaintiff's Opposition to State Defendants' Motion to Strike Objections and Motion to Compel (Doc. #25) ("Plaintiff's Opposition"). A hearing was conducted on July 12, 2006. At the hearing, counsel for the State Defendants and Plaintiff advised the Court that they had reached an agreement regarding all matters raised by the Motion except that portion which seeks to strike Plaintiff's objections. The Court directed counsel for the State Defendants to submit a consent order regarding the matters which had been resolved by agreement. As to the remaining matters, the Court heard oral argument and thereafter took that portion of the Motion under advisement.

After reviewing the Motion, the State Defendants' memorandum in support of the Motion, see Memorandum in Support of Motion of State Defendants to Strike Objections and Motion to Compel ("State Defendants' Mem."), Plaintiff's Opposition, and the Affidavit of Robert N. Feldman and attached exhibits (Doc. #26), the Motion to Strike is GRANTED in part.

1. To the extent that paragraphs 1-5 of Plaintiff's responses to the interrogatories propounded by Defendants Richard Hurst and Thomas Denniston constitute objections,[2] such objections are stricken except that Plaintiff may still, in responding to individual interrogatories or requests for

---

2) Plaintiff Jeffrey Scott Hornoff's Responses to Interrogatories to Plaintiff Propounded by Defendant Thomas Denniston; 3) Plaintiff Jeffrey Scott Hornoff's Responses to Request for Production of Documents by Defendant Hurst; and 4) Plaintiff Jeffrey Scott Hornoff's Responses to Request for Production of Documents by Defendant Denniston. See Memorandum in Support of Motion of State Defendants to Strike Objections and Motion to Compel ("State Defendants' Mem.").

[2] Copies of Plaintiff's responses to the interrogatories propounded by Defendants Richard Hurst and Thomas Denniston are attached as Exhibit B to the Affidavit of Robert N. Feldman (Doc. #26).

production, interpose objections on grounds of privilege so long as he provides a privilege log by July 28, 2006, which identifies the documents responsive to a particular interrogatory or request for production which are being withheld and the basis for the privilege claimed.

2. To the extent that Plaintiff has responded in his answers "that the information is as available to the Defendants as to the Plaintiff," State Defendants' Mem. at 3, the objection is stricken in that Plaintiff may not employ this phrase without also describing in reasonable detail the information as to which the phrase refers. In other words, the State Defendants must not be left in doubt as to what information Plaintiff is referencing by using this phrase.

3. To the extent that Plaintiff has responded in his answers to interrogatories that the "information [is] more appropriately obtained through depositions," id., the objection is stricken.

4. To the extent that Plaintiff has responded in his answers that he objects on grounds of privilege, such objection is stricken as to any information or document which Plaintiff does not identify in the privilege log which is to be provided by July 28, 2006.

5. To the extent that Plaintiff objects to the verbiage contained in the interrogatories, stating that without a definition of phrases "any defendant" and "all facts" he cannot reply, the objection is stricken. The objection is not stricken as to the phrase "acting on defendant's behalf."

6. To the extent that Plaintiff objects to interrogatories requesting all "facts" on the basis they call for a legal conclusion, this objection is stricken as to the following answers: 7, 16, 25, 27, 29, 32, 34, and 35. The objection is not stricken as to answers 33, 38, and 40.

7. To the extent that Plaintiff intends by the phrase "without limitation" to limit or withhold information responsive to Interrogatories 7 and 28, the phrase is stricken. Plaintiff is to respond fully to these interrogatories.

8. To the extent that Plaintiff objects to interrogatories as duplicative, the objection is stricken. However, in answering interrogatories Plaintiff may respond to one or more interrogatories in the manner which the State Defendants have indicated will "suffice." State Defendants' Mem. at 5-6 (stating that "[i]t will suffice if Plaintiff answers one representative Interrogatory completely and accurately, and then refers to that Answer subsequently, if appropriate.").

9. In all other respects, the Motion to Strike is DENIED.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
July 13, 2006

BY ORDER:

Deputy Clerk