# ATTACHMENT A.

BIRNBAUM & GODKIN, LLP
ATTORNEYS AT LAW

Robert N. Feldman
Direct Dial: (617) 307-6130
feldman@birnbaumgodkin.com

May 25, 2006

**VIA ELECTRONIC MAIL**
**AND FIRST CLASS MAIL**

Rebecca Tedford Partington
Deputy Chief -- Civil Division
Department of Attorney General
150 South Main Street
Providence, RI 02903

*RE: Hornoff v. The City of Warwick, et al.*
*USDC Rhode Island C.A. No. 05-446ML*

Dear Rebecca:

This letter responds to your recent correspondence concerning discovery in the above-referenced matter.

**April 10 Letter / Defendants' Discovery Responses**

As I indicated to you in my voicemail last week, we would like to inspect the documents referenced in your April 10 letter and your clients' Responses to Mr. Hornoff's Document Requests, to determine whether and how the documents should be copied. As to physical evidence, we will have to discuss the best mutual course to take. We would like to conduct the inspection next week, if possible. Is Thursday, June 1 acceptable?

As to the content of those materials, the Response to Document Request No. 1 does not list trial exhibits. Please confirm that you have those and that they can be made available for inspection and/or copying.

You have not provided any response (apart from objections) to Document Request Nos. 18, 20, and 21. Please confirm that you do not intend to produce any document that may be responsive to this request. If you believe the request is overbroad, please indicate an acceptable limitation.

Your response to Document Request No. 9 references "redacted personnel files." Please explain in detail the nature of the redactions, and the basis upon which redacted information is being withheld.

Please update on the status of the Superior Court Clerk's Office's search for responsive material called for by Document Request No. 26.

Your response to Document Request No. 34 references an "Order of the Superior Court, attached hereto." The referenced Superior Court Order was not attached to the copy of your Responses we received; please forward the referenced Order. Please confirm that there are no responsive documents other than the referenced Order.

Please explain why, in response to Document Request No. 42, all documents provided to the Rhode Island Attorney General's Office in connection with the investigation and prosecution of Jeffrey Scott Hornoff "cannot be determined at this point."

Finally, your privilege log cites four categories of documents being withheld on the basis of privilege. Two of those categories may cast too wide of a net: (1) "Files regarding witnesses used or contemplated by trial" and (2) "Rhode Island State Police legal counsel file and internal memos." As to these categories clarification is needed, for an otherwise non-privileged document does not become privileged by virtue of its inclusion in an attorney's file.

**May 8 Letter / Plaintiff's Discovery Responses**

As an initial matter, it should be pointed out that because this case is about the conduct of your clients, most of the discoverable information is in their possession, custody or control. Yet your clients' discovery responses are exceedingly thin, providing only the most general information, and appear to be evasive. Your clients' responses seem particularly lacking in detail as compared to the complete and forthcoming responses provided by Mr. Hornoff. Nonetheless, addressed seriatim below are the complaints you raise concerning Mr. Hornoff's discovery responses.

***Document Requests***

You take issue with Mr. Hornoff's objections to document requests. Be assured that these objections have been asserted to protect Mr. Hornoff's rights, and in no way diminish the production Mr. Hornoff is making of documents that are responsive to the State's requests. As indicated in his Responses to Document Requests, Mr. Hornoff will produce all non-privileged, responsive documents in his possession. If you object to any specific Response to an individual Document Request, please so advise.

Mr. Hornoff is in possession of the following documents, which shall be made available to you next week:

- Transcripts of opening and closing statements from Mr. Hornoff's criminal trial
- Some Grand Jury Transcripts
- Papers from divorce proceedings

- Mr. Hornoff's work files
  - Warwick Police Department
  - Employment (or efforts to find employment) after indictment, but before conviction
  - Efforts to find employment after conviction
- Documents relating to Mr. Hornoff's medical care
- Bristow Report
- Correspondence with Brian Wraxall regarding forensic testing of purported serologic evidence
- Press Reports
- Documents relating to Mr. Hornoff's personal financial information

You may come to Boston to inspect these documents, or we can send them out for copying and shipping to you. Please let me know which course you would like to take.

As to Joel Chase's file, Mr. Hornoff will not waive his attorney-client privilege as to any documents at this time. We will cull through those documents and produce responsive non-privileged documents, if any, therefrom.

***Interrogatories***

You complain about the "blanket objections" asserted by Mr. Hornoff to the State Defendants' Interrogatories. These objections are appropriate and are qualified as necessary to limit the scope of Responses to non-privileged information that is within the scope of applicable discovery rules.

As to your specific complaints as to individual Interrogatory Responses, Mr. Hornoff responds as follows:

*Interrogatory No. 2*[1]

Your letter asks that Mr. Hornoff identify the information each person listed in this Interrogatory Response may have. As you may know, most of the people on the list provided in this Interrogatory Response were witnesses who testified at Mr. Hornoff's criminal trial or before the grand jury that indicted Mr. Hornoff. For each such person, their testimony speaks for itself. Nevertheless, Mr. Hornoff will supplement this Response to the best of his ability to provide further information concerning the categories of knowledge each person may possess.

Please note that at least one name was inadvertently omitted from the listed provided in Response to Interrogatory No. 2, and will be included in Mr. Hornoff's Supplemental Response: Gerald J. Coyne, who assisted Kevin J. Bristow in the preparation of the Final Report to the Honorable Lincoln C. Chaffee regarding the City of Warwick's Police Department's Investigation of the Victoria Cushman Homicide (the

[1] While your letter references Interrogatory No. 3, I believe you intended to address Interrogatory No. 2.

"Bristow Report"). If Mr. Hornoff discovers the names of other persons who may have relevant information, further supplementation will follow.

*Interrogatory No. 7*

You complain about the use of the qualification "without limitation" in Mr. Hornoff's Response to this Interrogatory. This qualification is entirely appropriate at this stage of the litigation, as Mr. Hornoff has not yet obtained the discovery he believes will further substantiate the allegations in his complaint. As of the present time, Mr. Hornoff's Response to Interrogatory No. 7 is complete, subject to supplementation as discovery continues.

*Interrogatory Nos. 9, 10 and 11*

You assert that Mr. Hornoff's responses to these Interrogatories are "meaningless without a description of the statements" referenced. As a threshold matter, all of this information is equally available to your clients. Specifically, as to Interrogatory Response No. 9, Mr. Hornoff refers you to the testimony of Warwick Police Officers Santos and Nye at Mr. Hornoff's criminal trial, for a description of their statements that discuss the relationship between the Warwick Police Department and the Rhode Island State Police. Mr. Pine made similar public statements. As to Interrogatory Response No. 10, Mr. Hornoff refers you to page 22 of the Bristow Report for Mr. Bristow's account of Beth Ellinwood's statement concerning the documents found in a box of documents designated to be shredded. As to Interrogatory Response No. 11, Mr. Hornoff refers you to the testimony of Defendant Thomas Denniston at Mr. Hornoff's criminal trial, for Mr. Denniston's own description of the Rhode Island State Police's investigation into the murder of Victoria Cushman.

*Interrogatory No. 15*

As indicated in Mr. Hornoff's Response to this Interrogatory, John Morgan is one of the Warwick Police Officers who felt pressured or threatened by state investigators. As set forth in Paragraph 82 of the Complaint, Ronald Carter was another Warwick Police Officer who was described threats or pressure imposed by state investigators. Daniel Flaherty, while not a Warwick Police Officer, received similar treatment. All of these names are listed in Mr. Hornoff's response to Interrogatory No. 12. Mr. Hornoff believes that there were other Warwick Police Officers who were threatened or pressured by state investigators, and that discovery will reveal the identity of such persons, who at present are unknown to Mr. Hornoff.

*Interrogatory No. 21*

Contrary to your assertion, Mr. Hornoff's Response to this Interrogatory is responsive. By his Response, Mr. Hornoff acknowledges that the promotions that Defendants Hurst and Denniston received did not contribute the damages he suffered. If

you are looking for something more from this Response, please let me know what you expect.

*Interrogatory No. 22*

In his Response to this Interrogatory, Mr. Hornoff answered to the best of his knowledge, based on representations made to him by cell mates and others at the Adult Correctional Institution where Mr. Hornoff served his sentence. If you wish to confirm the names of his cell mates and the crimes for which they were incarcerated, you may do so through whatever means you deem appropriate. Your suggestion that the referenced individuals are "unnamed" is contradicted by the Response, which lists Raymond Catoni and Ronald Bosquet.

*Interrogatory No. 23, 38, 40 and 43*

These Interrogatories are duplicative, and generally ask for information related to mental and physical injuries and damages Mr. Hornoff has suffered as a result of the allegations set forth in his Complaint. Mr. Hornoff has clearly set forth the nature of his injuries in Paragraphs 122-24 of the Complaint. As indicated in his Responses to these Interrogatories, this information will be subject to expert opinion and these Responses will be supplemented within the time frame set by the Court for expert disclosures. In the meantime, Mr. Hornoff refers you to documents he will be producing on these subjects.

*Interrogatory Nos. 25, 27 and 32*

Your contention that Mr. Hornoff's Responses to these Interrogatories are inadequate because they refer "to the facts set out in the Complaint to support the facts set out in the Complaint" is wordplay. The paragraphs of the Complaint to which these Interrogatory Responses correspond are summary paragraphs that are based on more specific factual allegations set forth in the Complaint. Mr. Hornoff is aware of no rule that prevents summary paragraphs in a complaint. Accordingly, in his Responses to these Interrogatories, Mr. Hornoff has referred to his Responses to more specific Interrogatories.

*Interrogatory No. 33*

This Interrogatory refers to Paragraph 160 of the Complaint, which states that "[t]he Defendants' conduct violated Hornoff's clearly established rights under the Fourteenth Amendment." This Paragraph states a legal conclusion, based on case law interpreting the United States Constitution, and factual allegations contained elsewhere in the Complaint, as to which Mr. Hornoff has responded to specific Interrogatories. The State Defendants may dispute the legal conclusion stated in Paragraph 160 of the Complaint, but there are no facts underlying that legal conclusion that are not set forth elsewhere in the Complaint or in Mr. Hornoff's Responses to Interrogatories.

BG

*Interrogatory No. 34*

It should come as no surprise that Mr. Hornoff's Response to this Interrogatory "set[s] forth no facts," given that the Paragraph of the Complaint to which it corresponds is listed in the "Causes of Action" section of the Complaint, rather than the "Facts" section of the Complaint. At this stage of the litigation, Mr. Hornoff has answered completely, and expects to supplement after further discovery in this matter.

*Interrogatory No. 36*

See the discussion as to Interrogatory No. 15, above. Additionally, as to your point about the seriousness of the allegation, we note that intent is often established through inference, as people readily admit to a malevolent mental state.

*Interrogatory No. 42*

Mr. Hornoff stands by his Response to this Interrogatory, which refers to his detailed Response to Interrogatory No. 7. Mr. Hornoff also notes that this Paragraph of his Complaint was directed to the City Defendants, and is not necessary to his statement of a claim for negligence against the State Defendants.

* * * * *

Please call me at your earliest convenience to discuss these issues and so we can finalize the logistics for inspection and exchange of documents. I look forward to working with you to resolve or narrow any areas of dispute that remain.

Very truly yours,

Robert N. Feldman

RNF/cam

cc: John G. Earle, Esq. (By email)
Marc DeSisto, Esq. (By email)
William Dimitri, Esq. (By email)