**ATTACHMENT B.**

State of Rhode Island and Providence Plantations

**DEPARTMENT OF ATTORNEY GENERAL**
150 South Main Street • Providence, RI 02903
(401) 274-4400
TDD (401) 453-0410

*Patrick C. Lynch, Attorney General*

June 30, 2006

Robert N. Feldman
BIRNBAUM & ASSOCIATES, P.C.
280 Summer Street
Boston, MA 02210-1108

**Re:** **Hornoff v. State**
**C.A. 05-446ML**

**VIA FACSIMILE AND MAIL**

Dear Attorney Feldman:

I have had the opportunity to review your opposition to the Motion to Compel and believe that we can further narrow the issues in dispute. I believe many of the outstanding issues simply require some clarification in the responses given by the Plaintiff. As an initial matter, as stated in my June 8, 2006 email to you, the substance of the responses to numbers 7, 9, 10, 11, 15 and 22, given in your May 25, 2006 correspondence to Attorney Partington are acceptable. However, before that State can withdraw these items from the Motion to Compel, it requires that these responses be made in an appropriate form (i.e. a supplemental pleading, signed by the Plaintiff). As you will understand, while we do not doubt your integrity, your responses in a letter to opposing counsel do not carry the same weight and authority as those that are sworn to by Mr. Hornoff. Please indicate whether you intend to file a supplemental pleading.

Additionally, as described in the State's Motion to Strike Objections/Motion to Compel, there are various objections that the State believes are inappropriate. Because the reasons therefore are adequately explained in that motion, it does not seem necessary to re-hash in this letter. Please advise whether you are willing to withdraw those objections.

With regard to the remainder of the interrogatories at issue, the State responds as follows:

No. 2: Your correspondence, dated May 25, 2006, indicates that "**most** of the people" identified by Plaintiff testified at trial or before the Grand Jury. Similarly, your opposition to the Motion to Compel states that "the vast majority" and "many" individuals testified at trial or before the Grand Jury. For those individuals who did provide trial or Grand Jury testimony, the response is sufficient if their knowledge is wholly contained within their testimony. Please confirm this. If they have information that is not contained within that testimony, then Defendants are entitled to that information. However, the State requires Plaintiff to indicate, for those individuals who did not so testify, what information they might have.

Nos. 23, 38, 40, 43: Understanding that medical records will be made available to the State, Attorney Partington, in her May 8, 2006 correspondence, requested "at least" identification of physicians who have been treating Mr. Hornoff. Your response did not identify any treatment providers.

Nos. 25, 27, 32, 33, 36: With regard to these responses, the concern is Plaintiff's objection to the term "all facts." This particular objection makes it impossible for Defendants to determine whether or not Plaintiff has other facts that support his allegations. If Plaintiff will withdraw this objection, these responses are sufficient.

No. 34: Plaintiff's response again, gives no specific facts underlying the allegations that the State Defendants, and specifically, the named State Defendants, conspired against Plaintiff, as alleged in the Complaint. Plaintiff has made a legal conclusion. The Defendants are entitled to know specifically the facts upon which those allegations are made. If Plaintiff is not aware of any specific facts, please clarify this in a supplemental pleading.

No. 42: This interrogatory requests facts to support paragraph 190 of the Complaint. In Plaintiff's response, he outlines alleged failures on the part of the City Defendants. In your May 25, 2006 correspondence, moreover, you state "this Paragraph of his Complaint is directed to the City Defendants, and is not necessary to his statement of a claim of negligence against the State Defendants." Count XII (which paragraph 190 supports), however, clearly indicates that it encompasses "Claims Against **All** Defendants for Negligence." Accordingly, please clarify your response to indicate how paragraph 190 specifically relates to the State Defendants, with supporting facts, in a supplemental pleading, signed by the Plaintiff. If paragraph 190 does not relate to these Defendants, please state so.

With regard to the document production, our records indicate that you have not yet provided the State with a list of the responsive documents in the Plaintiff's possession or a privilege log. Please provide this information so that the State can meaningfully and efficiently proceed with the document review.

The State looks forward to your timely response to these matters. It is my sincere hope that we can resolve these issues amicably, and without court intervention. Should you have any questions or concerns, do not hesitate to contact me.

Very Truly Yours,

Parisa Beers
Special Assistant Attorney General
Extension 2367