AO 88 (Rev. 11/91) Subpoena in a Civil Case

# Issued by the
# United States District Court

DISTRICT OF RHODE ISLAND

**JEFFREY SCOTT HORNOFF**
**V.**

**THE CITY OF WARWICK, RHODE ISLAND, et al.,**

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 05-446ML

**TO: Dr. Henry Lee**
**HC Lee Institute, University of New Haven**
**300 Boston Post Road, West Haven, CT 06516**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Office of William C. Dimitri<br>462 Broadway<br>Providence, RI 02909 | March 6, 2007<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of William C. Dimitri<br>462 Broadway<br>Providence, RI 02909 | February 20, 2007<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | February 1, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert N. Feldman, Esq., Birnbaum & Godkin, LLP, 280 Summer Street, Boston, MA 02210
(617) 307-6100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If Action is pending in district other than district of Issuance, state district under case number

N. In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," or "every," the intended meaning is inclusive rather than exclusive.

**Relevant Time Period**

Unless otherwise indicated, the Requests below seek documents generated or received during the period January 1, 1989 to the present.

**Documents Requested**

1. All documents concerning your appointment or engagement to assist with the investigation of the Victoria Cushman homicide.

2. All copies, drafts, outlines, notes and versions of any testing you performed in connection with the Victoria Cushman homicide.

3. All documents and/or other information provided by you to the City of Warwick, the City of Warwick Police Department or the Rhode Island State Police in connection with your investigation of the Victoria Cushman homicide.

4. All documents considered, reviewed, or relied upon by you or otherwise available to you in connection with your investigation of the Victoria Cushman homicide and/or the preparation of any report by you.

5. All notes, witness statements, documents, recordings or other materials prepared by you or provided to you in connection with your investigation of the Victoria Cushman homicide and/or the preparation of any report by you.

6. All bills, invoices, time records and phone records associated with your involvement in the investigation of the Victoria Cushman homicide.

7. All documents concerning your communications with third parties, including individuals employed by the City of Warwick, the Warwick Police Department, the State of Rhode Island or the Rhode Island State Police, concerning your investigation of the Victoria Cushman homicide.

8. All documents concerning fees earned by you in connection with your involvement in the investigation of the Victoria Cushman homicide.

**SCHEDULE A**

**Definitions**

For purposes of this Schedule A, the following definitions shall apply:

A. "You" or "your" refers to Dr. Henry Lee and his agents, employees, partners, beneficiaries, associates, attorneys, representatives and all other persons acting on his behalf.

B. The term "City of Warwick" means the City of Warwick and all of its agents, employees, beneficiaries, attorneys, representatives and all other persons acting on its behalf.

C. The term "City of Warwick Police Department" means the City of Warwick Police Department and all of its agents, employees, members, beneficiaries, attorneys, representatives and all other persons acting on its behalf.

D. The term "State of Rhode Island" means the State of Rhode Island and all of its agents, employees, beneficiaries, attorneys, representatives and all other persons acting on its behalf.

E. The term "Rhode Island State Police" means the Rhode Island State Police and all of its agents, employees, members, beneficiaries, attorneys, representatives and all other persons acting on its behalf.

F. The term "Victoria Cushman" means the Victoria Cushman who was murdered on or about August 10 or 11, 1989.

G. The term "document(s)" is used herein in its customary broad sense to include all materials discoverable under the applicable rules, including, without limiting the generality of the foregoing, originals and any copies of written, printed, typed, recorded (including audio and video), photocopied, transcribed, punched, taped, filmed,

microfilmed, computer processed or transmitted, or graphic matter of every type and description, and any other form of recorded information, however processed, produced or reproduced, including letters, notes to file, drawings, graphs, charts, photographs, phone records, telephone notes, internal memoranda, reports, telegrams, electronic mail or "e-mail" messages, telefaxes or telecopies, diary entries, calendars, and deskbooks, and/or information stored in any form of computer medium, including, without limitation, hard disk, floppy disk, and magnetic tape, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, in your possession or in the possession of your affiliates, agents, servants, employees, representatives, or attorneys. A draft or non-identical copy is a separate document within the meaning of this term.

H. The term "communication(s)" is used herein to mean, refer to, and include any and all transmittals or transfers of information in the form of facts, ideas, inquiries, or otherwise.

I. The term "concerning" means referring to, describing, evidencing or constituting.

J. The term "including" shall mean "including but not limited to."

K. "Any" or "all" means "any and all."

L. "And" or "or" means "and/or."

M. The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, in order to give the interrogatories an inclusive rather than exclusive meaning.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | FEBRUARY 2, 2007 | UPON THE DEFENDANT AT THE DEPT. PUBLIC SAFETY, STATE POLICE LEGAL DEPT |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| DR. HENRY LEE | | UPON MIDDLETOWN, CONN. |
| SERVED BY (PRINT NAME) | | TITLE |
| WILLARD ALLEN, JR. | | CT. STATE MARSHAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 2/2/07
DATE

Willard Allen Jr
SIGNATURE OF SERVER

129 CHURCH ST. STE. 200
ADDRESS OF SERVER
NEW HAVEN, CT 06510

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.