UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEFFREY S. HORNOFF
Plaintiff

v. C.A. No.: 05-446**L**

THE CITY OF WARWICK, et al.
Defendants

**CITY OF WARWICK'S MOTION FOR PROTECTIVE ORDER**

Now comes the Defendant, the City of Warwick, by and through their attorney, and hereby moves this Honorable Court for a protective order quashing certain aspects of the *subpoena duces tecum* issued by counsel for the Defendant, State of Rhode Island (the "State"), on or about October 5, 2006 to the Keeper of the Records for the Warwick Police department for certain documents as set forth on the attached Exhibit A. Your movant avers that certain of the sought after records concern the personal and medical records of Jeffrey S. Hornoff and the records maintained by the Warwick Police Department, a law enforcement agency, related to the murder of Victoria Cushman. Id. Your movant seeks a protective order that the documents sought by the State and listed as numbers 1, 2 and 3 on Exhibit A be protected from disclosure. In support of this request, your movant states that the documents sought in numbers 1, 2, and 3 on Exhibit A from the Keeper of Records for the Warwick Police Department enjoy privilege pursuant to R.I.G.L. 38-2-2(A)(I) and (D), *et seq*, as amended. It is well settled that records concerning individual applicant benefits, personnel, medical treatment and all personal or medical information related to an individual in any files, including information relating to medical or psychological facts, or information in personnel files maintained to discipline any employee of a public body shall not be deemed public. Id. (emphasis added).

The State's *subpoena* at request number 1 seeks personal disciplinary records of an employee of a public body; to wit, "Documents associated with the charges, hearing and ultimate demotion of [Warwick police officer] Joseph Duquette." Pursuant to R.I. G. L 38-2-2(A)(I) such records are not deemed public records. As such, the movant's motion for a protective order preventing the production of these particular records should be granted by the Court.

The State's *subpoena* at request number 2 seeks the entire personnel file of a public employee; to wit, Jeffery S. Hornoff. These particular records include personal, medical and disciplinary facts regarding the named individual. Pursuant to R.I. G. L 38-2-2(A)(I) such records are not deemed public records. As such, the movant's motion for a protective order preventing the production of these particular records should be granted by the Court.

The State's *subpoena* at request number 3 seeks records regarding maintained by a law enforcement agency involving criminal law enforcement relating to the detection and investigation of a crime; to wit, documents associated with the murder of Victoria Cushman. Pursuant to R.I. G. L 38-2-2(D) such records are not deemed public records "only to the extent that the disclosure…would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions." The particular records sought regarding the murder investigation directly concern techniques and procedures for law enforcement investigations or prosecutions and guidelines for law enforcement investigations or prosecutions. As such, the movant's motion for a protective order preventing the production of these particular records should be granted by the Court.

In the alternative to the movant's request for a protective order against disclosure of the items sought in the State's *subpoena* at numbers 1, 2 and 3, your movant requests the Court to review the requested personnel, medical and criminal proceeding records, attached hereto in the sealed envelope marked as Exhibit C in the affidavit of Mark Titus, Deputy Chief of the Warwick Police Department, *in camera*, and make such findings and issue such an order as to disclosure of the subject information and documents as the Court deems just and reasonable under the circumstances.

Wherefore, the City Of Warwick moves this Honorable Court for a protective order quashing items numbered 1, 2 and 3 listed in the *subpoena* issued by the Defendant, State of Rhode Island in this matter or, in the alternative, for an order regarding such disclosure of the subject information and documents as the Court deems just and reasonable under the circumstances.

Respectfully Submitted
CITYOF WARWICK
By Their Attorney,

ss//Peter D. Ruggiero
Peter D. Ruggiero, (#5733)
Assistant City Solicitor
RUGGIERO, ORTON & BROCHU
20 Centerville Road
Warwick, RI 02886
Tel: (401) 737-8700
Fax: (401) 737-0735

CERTIFICATION

I, hereby certify that a true copy of the within motion was sent by regular mail, to: Robert N. Feldman, BIRNBAUM & GODKIN, LLP, 280 Summer Street, Boston, MA 02210 and Rebecca T. Partington, DEPARTMENT OF THE ATTORNEY GENERAL, 150 South Main Street, Providence, R.I. 02903 on this 27th day of February, 2007

Marylou Leonardo