**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JEFFREY SCOTT HORNOFF,** **Plaintiff** | : | |
| **v.** | : | Civil Action No. 05-446L |
| **THE CITY OF WARWICK, RHODE ISLAND; et al.** **Defendants** | : | |

**OBJECTION TO MOTION FOR PROTECTIVE ORDER**

Now come Defendants State of Rhode Island, Richard Hurst and Thomas Denniston, and move this Court for an Order denying the Motion for Protective Order filed by the City of Warwick, and compelling them to respond to a subpoena for documents served on or about October 5, 2006. A memorandum and exhibits in support hereof are attached.

Respectfully submitted,

STATE OF RHODE ISLAND,
RICHARD HURST,
THOMAS DENNISTON
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*

Rebecca Tedford Partington #3890
Assistant Attorney General
150 So. Main Street
Providence, RI 02903
(40l) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I hereby certify that a true copy of the foregoing was served on the 28th day of November, 2007 by electronic mail via the ECF system to William C. Dimitri, Esquire, bill@dimitri-perkins.com and Robert N. Feldman, Esquire, feldman@birnbaumgodkin.com.

*/s/ Rebecca Tedford Partington*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JEFFREY SCOTT HORNOFF,** | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | Civil Action No. 05-446L |
| | : | |
| **THE CITY OF WARWICK, RHODE ISLAND;** | : | |
| **et al.** | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION**
**TO MOTION FOR PROTECTIVE ORDER**

The relevant allegations in this case are that the remaining defendants, two State Police detectives, violated Scott Hornoff's civil rights in their investigation into the murder of Victoria Cushman. Initially, the Warwick police department investigated that murder, from 1989 until 1992, when it was turned over to the Rhode Island State Police. The reason for that transfer was that Hornoff was a detective in Warwick, and was also a suspect in the Cushman murder. Hornoff was eventually indicted and convicted of that murder, and after unsuccessful appeals, served several years at the ACI. Ultimately, another man confessed to the murder and Hornoff was set free.

In October of 2006, the State subpoenaed records from the City of Warwick[1]. After receiving assurances that some documents would be produced after a review, the instant motion was received. The City has refused to produce *any* of the requested documents, which can be categorized as follows:

[1] The City and two of its former detectives were initially named as Defendants in this case. They have since settled.

1. Documents associated with the charges, hearing, and ultimate demotion of Joseph A. Duquette.

The sole objection offered by the City to production of these documents are that they are not deemed "public" pursuant to Rhode Island's Access to Public Records Act. No federally recognized privilege or other reason for withholding the documents has been asserted. The fact that the records are not "public" is of no consequence. If they are reasonably calculated to lead to the discovery of relevant evidence, they should be produced. In this case, it has been established that the City of Warwick bungled and mishandled this investigation from day one. A report commissioned by the City of Warwick in 1995 resulted in findings of questionable decision-making and practices by the Warwick Police Department in the Cushman investigation, and in other areas. *See,* Bristow Report, Exh. A. Documents in the State's possession indicate that a hearing was conducted regarding Major Duquette in October of 1995. As a result, Major Duquette was demoted because of his "hinder[ing] the state police investigation that ultimately led to Hornoff's indictment on Dec. 29, 1994." *See,* "Police Maj. Duquette demoted for stonewalling murder probe", Providence Journal (November 28, 1995), Exh. B. The City has settled with Hornoff, and now he seeks to place the blame on members of the State Police. The records sought would show what actions Duquette took, or didn't take, that directly resulted in Hornoff's conviction and imprisonment. These records are highly relevant to the issue of causation, and should be produced. Absent any reason recognized by the Federal Rules of Civil Procedure, they should be produced.

2. Personnel file of Jeffrey Scott Hornoff.

The same basis for non-production has been asserted, i.e., that the records sought are not public. As discussed above, that objection has no merit in the instant situation. Further, Hornoff has placed his mental health, as well as his domestic status, at issue in his

Complaint. Finally, Hornoff has not objected to release of the personnel file.[2] It should be produced.

3. Documents associated with the murder of Victoria Cushman.

Once again, the fact that the documents sought are not "public" under APRA is not a valid reason for non-disclosure. Specific allegations in this case involve the handling (or mishandling) of evidence. For example, Hornoff claims that the State Police should have examined and tested an object seen in photographs of the crime scene. It is the recollection of the members of the State Police that the item was not forwarded to them in 1992, nearly 3 years after the 1989 murder. The documents sought could shed light on the item, and whether it was forwarded to the State Police. If it was not, then easily one-third of the cause of action dissipates. Further, since the documents generated by Warwick from 1989-1992 are the best evidence of what happened during that period, and since the passage of time has indeed dampened recollections and memories, this information is invaluable and should be produced.

For the foregoing reasons, the State requests that the Court order production of the materials sought. Further, since there are depositions of material witnesses from the City of Warwick beginning on March 14, production should be required prior to March 9 so that the parties can adequately prepare.

[2] The State would, of course, agree to restrictions on the dissemination of the information sought in any of the requests, as long as they can be used in the discovery and trial proceedings.

Respectfully submitted,

STATE OF RHODE ISLAND,
RICHARD HURST,
THOMAS DENNISTON

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ *Rebecca Tedford Partington*

Rebecca Tedford Partington #3890
Assistant Attorney General
150 So. Main Street
Providence, RI 02903
(40l) 274-4400 ext. 2303
Fax: (401) 222-2995

**CERTIFICATION**

I hereby certify that a true copy of the foregoing was served on the 28th day of February, 2007 by electronic mail via the ECF system to William C. Dimitri, Esquire, bill@dimitri-perkins.com and Robert N. Feldman, Esquire, feldman@birnbaumgodkin.com.

*/s/ Rebecca Tedford Partington*